# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUANG JU LIN,<br><br>    Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | Case No. 1:25-cv-01363-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE FIRST AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2241 FORM |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the U.S. Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Southern District of New York. (ECF No. 1 at 2.[1]) On October 14, 2025, Petitioner filed the instant petition for writ of habeas corpus. In Ground One, Petitioner asserts that in 2019, the California felony-murder rule, the elements of which were "incorporated into the VICAR murder for which [Petitioner] was convicted," was amended. (Id. at 3.) In Ground Two, Petitioner asserts ineffective assistance of counsel for not raising an elements argument under United States v. Johnson, "for the 18 U.S.C.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1959(a) conviction." (ECF No. 1 at 3.) In Ground Three, Petitioner asserts legally deficient conduct or insufficient evidence regarding Petitioner's "convict[ion] under 18 U.S.C. 1959(a)(1)" and contends that his "VICAR conviction is unlawful." (Id. at 4, 5.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Southern District of New York as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (citations omitted)).

Here, Petitioner's claims all concern his purported "VICAR murder" or "18 U.S.C. 1959(a)" conviction. (ECF No. 1 at 3–5.) "Because [18 U.S.C.] § 1959's title is 'Violent crimes in aid of racketeering activity,' that section is sometimes referred to as the 'VICAR statute.'" United States v. Tillman, No. 19-16419, 2021 WL 3739175, at *1 (9th Cir. Aug. 24, 2021). However, Petitioner was convicted of racketeering, in violation of 18 U.S.C. § 1962(c), and

racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Judgment, United States v. Lin, No. 1:09-cr-00746 (S.D.N.Y. Dec. 8, 2011), ECF No. 124.[3] See also United States v. Lin, 505 F. App'x 10, 11 (2d Cir. 2012) ("Guang Ju Lin appeals a December 8, 2011 judgment of the District Court convicting him . . . of one count of racketeering, in violation of 18 U.S.C. § 1962(c), and one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d)[.]") It does not appear that Petitioner was convicted under the VICAR statute, 18 U.S.C. 1959.

"[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam). Therefore, the Court will grant Petitioner an opportunity to file an amended petition.

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner is GRANTED leave to file a first amended petition within **THIRTY (30) days** of the date of service of this order; and

2. The Clerk of Court is DIRECTED to send Petitioner blank § 2241 habeas forms.

IT IS SO ORDERED.

Dated:  **December 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

4