# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUANG JU LIN,

        Petitioner,

    v.

ON HABEAS CORPUS,

        Respondent.

Case No. 1:25-cv-01363-KES-SAB-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the U.S. Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Southern District of New York. (ECF No. 1 at 2.[1]) On October 14, 2025, Petitioner filed the instant petition for writ of habeas corpus. In Ground One, Petitioner asserts that in 2019, the California felony-murder rule, the elements of which were "incorporated into the VICAR murder for which [Petitioner] was convicted," was amended. (Id. at 3.) In Ground Two, Petitioner asserts ineffective assistance of counsel for not raising an elements argument under United States v. Johnson, "for the 18 U.S.C. 1959(a) conviction." (ECF No. 1 at 3.) In Ground Three, Petitioner asserts legally deficient

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

conduct or insufficient evidence regarding Petitioner's "convict[ion] under 18 U.S.C. 1959(a)(1)" and contends that his "VICAR conviction is unlawful." (Id. at 4, 5.)

On December 12, 2025, the Court granted Petitioner leave to file an amended petition because "Petitioner's claims all concern his purported 'VICAR murder' or '18 U.S.C. 1959(a)' conviction" but "[i]t does not appear that Petitioner was convicted under the VICAR statute, 18 U.S.C. 1959." (ECF No. 4 at 3, 4.) To date, no amended petition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Southern District of New York as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (citations omitted)).

Here, Petitioner's claims all concern his purported "VICAR murder" or "18 U.S.C. 1959(a)" conviction. (ECF No. 1 at 3–5.) "Because [18 U.S.C.] § 1959's title is 'Violent crimes

3

in aid of racketeering activity,' that section is sometimes referred to as the 'VICAR statute.'" United States v. Tillman, No. 19-16419, 2021 WL 3739175, at *1 (9th Cir. Aug. 24, 2021). However, Petitioner was convicted of racketeering, in violation of 18 U.S.C. § 1962(c), and racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Judgment, United States v. Lin, No. 1:09-cr-00746 (S.D.N.Y. Dec. 8, 2011), ECF No. 124.[3] See also United States v. Lin, 505 F. App'x 10, 11 (2d Cir. 2012) ("Guang Ju Lin appeals a December 8, 2011 judgment of the District Court convicting him . . . of one count of racketeering, in violation of 18 U.S.C. § 1962(c), and one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d)[.]") It does not appear that Petitioner was convicted under the VICAR statute, 18 U.S.C. 1959.

"[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam). Here, however, the Court previously granted Petitioner an opportunity to file an amended petition, and Petitioner failed to file an amended petition. Accordingly, the Court recommends that the petition be dismissed.

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 24, 2026**                                        
                                        STANLEY A. BOONE
                                        United States Magistrate Judge